UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Janet Solander,<br><br>  Petitioner<br><br>v.<br><br>Frank Dreesen, *et al.*,<br><br>  Respondents | Case No.: 2:22-cv-01790-JAD-NJK<br><br>**Order<br>Denying Application to Proceed<br>in Forma Pauperis,<br>Granting Motion for Appointment of<br>Counsel, and Screening and Directing<br>Service of Habeas Petition**<br><br>[ECF Nos. 1-1, 1-2] |

Janet Solander is incarcerated at Nevada's Florence McClure Women's Correctional Center and brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge her 2018 state-court conviction. Solander applies to proceed *in forma pauperis*[1] and moves for appointment of counsel.[2]

## I.  Solander does not qualify for IFP status.

Based on the information provided in the application to proceed *in forma pauperis*, I find that Solander is able to pay the $5 filing fee for this action, so I deny her *in forma pauperis* application. However, I will not require Solander to pay the filing fee or file a new *in forma pauperis* application until after counsel appears for her.

## II.  Appointment of counsel is warranted.

State prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent a due process

---

[1] ECF No. 1.
[2] ECF No. 1-2.

violation.³  But the court may appoint counsel at any stage of the proceedings if the interests of justice so require.⁴  Solander's petition indicates that she is serving sentences amounting to life in prison with the possibility of parole after 35 years, and it appears that she will not be able to adequately litigate this action without counsel.  I therefore find that appointment of counsel is in the interests of justice.  So I grant Solander's motion for appointment of counsel and appoint the Federal Public Defender for the District of Nevada (FPD) to represent her.

### III.     The court directs service of the petition.

I have examined Solander's petition for writ of habeas corpus as mandated by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and I determine that it merits service upon the respondents.  So I order the petition served upon the respondents, direct the respondents to appear, but do not require any further action on their part at this time.

IT IS THEREFORE ORDERED that **Petitioner's Application to Proceed *in Forma Pauperis* [ECF No. 1] is denied.**  However, the requirement that petitioner pay the filing fee will be suspended until further notice.

IT IS FURTHER ORDERED that **Petitioner's Motion for Appointment of Counsel [ECF No. 1-2] is granted, and the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner.**  If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw. The FPD will have 30 days from the date of this order to file

---

³ *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam).

⁴ *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

a notice of appearance, or to indicate to the court its inability to represent the petitioner in this case.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **SEPARATELY FILE** the Petition for Writ of Habeas Corpus [ECF No. 1-1] and the Motion for Appointment of Counsel [ECF No. 1-2];
- **ELECTRONICALLY SERVE** upon the FPD a copy of this order and a copy of the Petition for Writ of Habeas Corpus [ECF No. 1-1]; and
- **ADD** Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

IT IS FURTHER ORDERED that Respondents will have 30 days from the date of this order to appear in this action, but they will not be required to respond to the habeas petition at this time.

_____
U.S. District Judge Jennifer A. Dorsey
November 2, 2022

3