**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Janet Solander,<br><br>     Petitioner<br><br>v.<br><br>William Reubart, *et al.*,<br><br>     Respondents | Case No.: 2:22-cv-01790-JAD-NJK<br><br>**Order Granting Motion for Stay**<br><br>[ECF No. 34] |

In this habeas corpus action, the Court appointed counsel for Petitioner Janet Solander,[1] and with appointed counsel Solander filed a first amended habeas petition[2] and subsequently a second amended habeas petition.[3]  The respondents were due to file an answer or other response to the second amended petition by July 12, 2024,[4] but on June 24, 2024, Solander filed a motion to stay,[5] explaining that she is currently litigating an action in state court, in which she will exhaust state court remedies with regard to claims she asserts in this case.[6]  Solander represents that the respondents do not oppose her motion for stay.[7]  Any response to the motion for stay was due on July 8, 2024;[8] the respondents filed none.

---

[1] ECF No. 3.

[2] ECF No. 11.

[3] ECF No. 27.

[4] ECF No. 33.

[5] ECF No. 34.

[6] *Id*.

[7] *Id*.

[8] *See* LR 7-2(b) (14 days for response).

Based on the representations in Solander's motion, and given that the respondents did not respond,[9] I grant the motion and stay this action pending the conclusion of Solander's state-court action.[10]

IT IS THEREFORE ORDERED that **Petitioner's Motion for Stay (ECF No. 34) is GRANTED**. **This action is STAYED** while petitioner completes her pending state-court action. Petitioner must file a motion to lift the stay of this action within 30 days of that completion or this case may be dismissed.

The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** this case.

_____
U.S. District Judge Jennifer A. Dorsey
July 10, 2024

---

[9] *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.")

[10] *See Rhines v. Weber*, 544 U.S. 269 (2005).